COMMONWEALTH of Pennsylvania

v.

Thomas PETROSKI, Appellant.

Superior Court of Pennsylvania.

Submitted April 10, 1997.

Filed June 10, 1997.

Mitchell P. Shahen, Aliquippa, for appellant.

Ahmed T. Aziz, Asst. Dist. Atty., Aliquippa, for Com., appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

JOHNSON, Judge.

In this submitted case, we are asked to determine whether the denial of the constitutional right to a direct appeal from judgment of sentence may be cured by filing a petition for post-conviction relief based solely upon the alleged ineffectiveness of trial counsel in failing to follow the client's instructions. We hold that the Post Conviction Relief Act requires that a petitioner both plead and prove facts establishing that the violation of the constitutional right or the ineffectiveness of counsel so undermined the truth-determining process as to render a finding of guilt unreliable. Because the petitioner in this case has done neither, we conclude that post-conviction relief was properly denied and affirm.

Following a negotiated plea agreement, Thomas Petroski pleaded guilty to three drug charges. The Honorable Thomas C. Mannix sentenced Petroski to undergo two to four years' imprisonment on each count, the sentences to be served concurrently. No direct appeal was filed. On March 26, 1996,

Petroski filed a pro se post-conviction relief petition. New counsel was appointed, an amended petition was filed and evidentiary hearings were held. Judge Mannix denied relief. Petroski now appeals.

Our standard of review as set forth in *Commonwealth v. Yager,* 454 Pa.Super. 428, 434, 685 A.2d 1000, 1003 (1996) (en banc) is as follows:

> Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error. We will not disturb findings that are supported by the record.

*Id.* (citations omitted).

We begin by noting that although Petroski had set forth numerous alleged grounds for PCRA relief, Judge Mannix limited the evidentiary hearing to Petroski's claim of " 'ineffective assistance of counsel following imposition of Defendant's Sentence' in each of the ... cases on November 6, 1995." Order, Mannix, J., May 29, 1996. Petroski has not challenged that order in this appeal. In his brief to this Court, Petroski sets forth one issue for our review:

> 1. WHETHER THE DEFENDANT IS DENIED HIS RIGHT TO A DIRECT APPEAL WHEN WITHIN TEN (10) DAYS OF THE DATE OF SENTENCE, HE TELEPHONED HIS TRIAL COUNSEL AND ADVISED HIM THROUGH HIS SECRETARY THAT THE DEFENDANT WISHED TO TAKE AN APPEAL, THE SAID REQUEST FOR APPEAL WAS PLACED IN THE FORM OF A WRITTEN TELEPHONE RECORD BY THE SECRETARY, REVIEWED BY THE ATTORNEY, AND, THE ATTORNEY THEREAFTER TOOK NO ACTION TO FILE AN APPEAL DESPITE THE REQUEST OF THE DEFENDANT?

Brief for Appellant at 3.

▮ Prior to the passage of Act No. 32 of 1995, November 17, 1995, P.L. 1118 (Spec.Sess.No.1), § 1, which became effective 60 days after its enactment, an allegation that trial counsel was ineffective for failing to file a direct appeal as requested, thereby violating appellant's constitutional right to a direct appeal, was deemed cognizable under 42 Pa.C.S. § 9543(a)(2)(v). *Commonwealth v. Hickman,* 434 Pa.Super. 633, 635, 644 A.2d 787, 788 (1994); *see also Commonwealth v. White,* 449 Pa.Super. 386, 391, 674 A.2d 253, 256 (1996). However, subsection (a)(2)(v) was repealed by our legislature as part of the 1995 amendments to the Post Conviction Relief Act. Petroski's petition, which was filed on March 26, 1996 (and amended on April 30, 1996), is governed by the provisions in effect as of the date he filed his petition. In other words, his petition is governed by the PCRA as amended.

While Petroski relies heavily on both *Hickman, supra,* and *White, supra,* the subsection of the Post Conviction Relief Act which undergirds the decisions in those cases is no longer the law of this Commonwealth. Former subsection § 9543(a)(2)(v) created eligibility for relief where the conviction or sentence resulted from "a violation of the provisions of the Constitution ... of the United States which would require the granting of Federal habeas corpus relief to a State prisoner." However, with that section repealed, Petroski must rely on § 9543(a)(2)(i) or (ii), which provide as follows:

**§ 9543. Eligibility for relief**

**(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

. . . .

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudica-

tion of guilt or innocence could have taken place.

Both subsections require that the petitioner's sentence have resulted from a circumstance that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

Because of this requirement, we also conclude that the other cases upon which Petroski relies in this appeal may be distinguished. In *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996), our supreme court was asked to determine whether an appeal nunc pro tunc should be granted to a defendant in a summary criminal case where his privately retained attorney failed to perfect a timely appeal to the Court of Common Pleas. Our supreme court established that an abuse of discretion standard governs review of the propriety of a grant or denial of an appeal nunc pro tunc. *Id.* at 16, 679 A.2d at 762. In *Stock*, however, the court reviewed the denial of a petition for permission to appeal rather than the grant or denial of a PCRA petition. Thus, section 9543(a)(2)(v), which in 1994 was still in effect, was not before the court. The court expressly found that the defendant's first attorney's failure to file the appeal to the Court of Common Pleas constituted ineffective assistance of counsel. *Id.*, citing *Commonwealth v. Ritchie*, 298 Pa.Super. 165, 444 A.2d 712 (1982). Nevertheless, nowhere in the *Stock* opinion did our supreme court consider whether the ineffectiveness of counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See id.*

Similarly, in *Commonwealth v. Hoyman*, 385 Pa.Super. 439, 561 A.2d 756 (1989), this Court considered a petitioner's right to a direct appeal nunc pro tunc where the trial court found that trial counsel had failed to file a timely appeal but nevertheless went on to determine that counsel was not ineffective because there were no underlying issues of merit. The act which was before the *Hoyman* court, based upon the amended post-conviction petition having been filed on May 24, 1988, was the Post Conviction Relief Act of April 13, 1988. The Act as amended in 1988 first introduced the two subsections

quoted above, § 9543(a)(2)(i) and (ii). However, the force of the limiting clause in each subsection—requiring that the constitutional violation, or the ineffectiveness of counsel, undermine the truth-determining process—was neither discussed nor applied in *Hoyman*.

We have previously interpreted "the undermining of the truth-determining process" to mean that an ineffectiveness claim must raise a question as to whether an "innocent individual" has been convicted. *See, e.g., Commonwealth v. Perlman*, 392 Pa.Super. 1, 5, 572 A.2d 2, 4 (1990). When we have compared the provisions of the PCRA with the broader language contained in the predecessor Post Conviction Hearing Act, we have held that the PCRA language referring to ineffectiveness constitutes "a substantial restriction on the grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Thomas*, 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990). We have also held that an allegation of counsel's ineffectiveness based upon a failure to inform a defendant of a "right" to appeal to our supreme court is not cognizable under the PCRA because it does not raise an issue bearing upon a petitioner's ultimate guilt or innocence. *Commonwealth v. Tanner*, 410 Pa.Super. 398, 407, 600 A.2d 201, 205 (1991). In *Tanner*, we observed that appellant had neither explained how the truth-determining process was undermined with respect to his "right to appeal" claim nor alleged that counsel's actions prevented a reliable determination of guilt or innocence. *Id.*

With these principles in mind, we have examined the Amended Petition for Post–Conviction Collateral Relief filed April 30, 1996, and the Notes of Testimony from the PCRA evidentiary hearings held July 10, 1996, and August 14, 1996. The only issues that raise a claim of undermining the truth-determining process are the claimed suppression/entrapment defense issue, Petition ¶¶ 20–22, 28, and the advice of counsel on the guilty plea issue, Petition ¶¶ 27–28. With respect to the only issue that the trial court entertained, namely the loss of the right to appeal, the allegations in the petition are:

16. On November 7, 1995, the day after Defendant was sentenced in the above-captioned cases, he contacted Attorney Finn and specifically requested him to withdraw Defendant's guilty pleas, to seek modification of his sentence and to take any steps necessary to preserve his appeal.

17. Despite being directly requested by the Defendant to take the action set forth in the previous paragraph, however, post-sentencing motions and a direct appeal were not filed.

18. The failure of Defendant's trial counsel to file Post–Sentencing Motions and/or a Direct Appeal, deprived Defendant of his constitutional rights to a Direct Appeal.

19. Because there was adequate grounds for withdrawal of Defendant's pleas in the above-captioned cases, trial counsel's failure to seek withdraw[al] of those pleas, to file other post-trial Motions and to file a Direct Appeal was prejudicial to Defendant and there is no reasonable basis for counsel's course of action under these circumstances.

Petition, *supra,* at unnumbered pages 3–4.

■ It may well be that Petroski was prejudiced by counsel's failure to file an appeal. However, before we can reach the issue of whether Petroski was prejudiced by counsel's actions in the case, Petroski must both plead and prove that the violation of his constitutional right or the ineffectiveness of his counsel has "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i) and (ii). Petroski has done neither. The petition contains no averment that the deprivation of his right to a direct appeal in any way undermined the truth-determining process; nor does the petition aver that counsel's failure to appeal prevented a reliable determination of guilt or innocence. *Compare Tanner, supra.* Nor could the petition make these claims, because the truth-determining process and a finding of guilt or innocence both occur during trial. Matters occurring after the judgment of sentence cannot determine what has occurred before.

■ Moreover, our supreme court has repeatedly held that ineffectiveness of counsel claims may not be raised in a vacuum; rather, the petitioner must establish that counsel's error prejudiced his case. *Commonwealth v. Morris,* 546 Pa. 296, , 684 A.2d 1037, 1045 (1996); *Commonwealth v. Silo,* 509 Pa. 406, 411, 502 A.2d 173, 176 (1985); *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). In this appeal, Petroski goes no further than to claim that he was denied his right to appeal, after having pleaded guilty, without alleging how the truth-determining process may have been affected by his failure to appeal. Thus, we are unable to discern any harm that may have resulted from counsel's failure to file an appeal. Petroski has not demonstrated how counsel's alleged ineffectiveness worked to his prejudice. *Commonwealth v. Pierce,* 515 Pa. 153, 159, 527 A.2d 973, 975–76 (1987).

■ We do not decide whether Petroski may be entitled to seek relief under some other procedure such as was presented in *Commonwealth v. Stock, supra.* Nor do we consider whether other sections of the amended PCRA petition, which the trial court declined to consider through an evidentiary hearing, might have merit. We here must merely decide whether Judge Mannix abused his discretion in denying relief as to that portion of Petroski's PCRA petition upon which evidence was presented. We conclude that a petitioner must both plead and prove facts which establish that the ineffectiveness of counsel so undermined the truth-determining process as to render a finding of guilt unreliable. Because Petroski has not done that, the petition was properly denied. Although Judge Mannix relied on Petroski's failure to appear at his counsel's office in person as a basis for finding no ineffectiveness, that premise is not the foundation for our decision. This Court may affirm a trial court order when it is correct on any legal ground, regardless of the legal basis on which the trial court relied. *Schimp v. Allaman,* 442 Pa.Super. 365, 370–71, 659 A.2d 1032, 1035 (1995).

Order denying PCRA relief is **AFFIRMED.**