817 A.2d 479

COMMONWEALTH of Pennsylvania, Appellant

v.

Ricardo HERNANDEZ, Appellee.

Supreme Court of Pennsylvania.

Submitted Sept. 24, 2001.

Decided March 7, 2003.

478

Hugh J. Burns, Philadelphia, Donald R. Totaro, Susan E. Moyer, Lancaster, for Com. of PA., Appellant.

Lawrence J. Rosen, Harrisburg, for Ricardo Hernandez, Appellee.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR and LAMB, JJ.

## OPINION

Justice NEWMAN.

The Commonwealth of Pennsylvania (Commonwealth) appeals from an Order of the Superior Court that reversed the decision of the Court of Common Pleas of Lancaster County (trial court), which denied the petition of Ricardo Hernandez (Hernandez) for leave to appeal *nunc pro tunc*. In the same Opinion, the Superior Court proceeded to review the appellate claim of Hernandez and determined that it did not entitle him to relief. Accordingly, the Superior Court affirmed the Judgment of Sentence. For the reasons set forth herein, we affirm the Order of the Superior Court insofar as it determined that the trial court erred in summarily dismissing the Petition of Hernandez to reinstate his appellate rights *nunc pro tunc*.

## FACTS AND PROCEDURAL HISTORY

Hernandez pled guilty on September 20, 1996, to one count of robbery, one count of aggravated assault, one count of recklessly endangering another person, and three counts of criminal conspiracy. On January 17, 1997, the trial court sentenced Hernandez to the following: (1) five to ten years for robbery; (2) a consecutive term of two-and-one-half to five years for aggravated assault; and (3) two-and-one-half to five years on each of two of the conspiracy convictions, to be served concurrently to each other and concurrent to the other sentences. All other convictions merged for sentencing purposes. The sentence imposed by the trial court on Hernandez was greater than that recommended by the Sentencing Guidelines, but within the lawful maximum.

On February 14, 1997, Hernandez filed, through counsel, a notice of appeal, alleging that his sentence was unfair. On

February 21, 1997, the trial court directed Hernandez to file a statement of matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), but Hernandez never filed such a statement. On October 7, 1997, the Superior Court dismissed the appeal of Hernandez, finding that he waived any challenge to the discretionary aspects of his sentence because he failed to object during imposition of the sentence, failed to file a post-sentence motion, and failed to file the 1925(b) statement, as directed by the trial court. Hernandez did not file a Petition for Allowance of Appeal with this Court and, thus, his Judgment of Sentence became final on November 6, 1997.

On July 17, 1998, Hernandez obtained new counsel, who filed a Petition for Leave to Appeal *nunc pro tunc* (NPT Petition), in which Hernandez alleged that he directed his prior counsel to take all necessary steps to perfect a direct appeal from the discretionary aspects of his sentence. Hernandez also alleged that his prior counsel was ineffective for failing to preserve a direct appeal challenge to the sentence. Hernandez requested that the trial court grant him leave to file a direct appeal to the Superior Court *nunc pro tunc*. On September 4, 1998, the trial court dismissed the petition and granted Hernandez leave to file a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, subject to its provisions concerning timeliness and eligibility for relief. Hernandez appealed the dismissal of his NPT Petition to the Superior Court; he did not file a PCRA petition, even though he was within the one-year period for filing at that time.[1]

The Superior Court, in a published Opinion, reversed the Order of the trial court dismissing the NPT Petition, granted the appeal, but ultimately affirmed the Judgment of Sentence imposed by the trial court, concluding that the challenges Hernandez raised to the discretionary aspects of his sentence were without merit. *Commonwealth v. Hernandez*, 755 A.2d 1 (Pa.Super.2000). The Superior Court reasoned that Hernandez filed his NPT Petition before this Court had rendered

1. 42 Pa.C.S. § 9545(b)(1).

its decision in *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), in which we explained that "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal...." *Id.* at 570. Prior to our decision in *Lantzy,* the Superior Court had held that one could not bring a PCRA claim of ineffective assistance of counsel for failing to file an appeal challenging the discretionary aspects of a sentence. *See, e.g., Commonwealth v. Petroski,* 695 A.2d 844 (Pa.Super.1997). The Superior Court opined that it was reasonable for Hernandez to rely on *Petroski* at the time he filed his NPT Petition. Judge Brosky[2] dissented on the ground that the trial court properly dismissed the NPT Petition.

We granted allocatur to address whether the Superior Court erred in reaching the merits of the NPT Petition filed by Hernandez. Hernandez has not participated in this appeal and had failed to file a brief; accordingly, the case was submitted on September 24, 2001.

## DISCUSSION

This case concerns the retroactivity of our decision in *Lantzy* and, therefore, seems at first blush to be identical to *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838 (2002). In *Eller,* the defendant pled *nolo contendre* to rape and was sentenced to six to twelve years imprisonment consecutive to eight years of probation on June 11, 1997. As in the case *sub judice,* the sentence imposed on Eller was greater than that recommended by the Sentencing Guidelines, but within the statutory limits. Eller did not seek to: (1) withdraw his plea; (2) have his sentence reconsidered; or (3) file a direct appeal. Therefore, his sentence became final on July 11, 1997. On August 6, 1998, Eller filed a *pro se* motion to appeal *nunc pro tunc,* contending that counsel who represented him during his guilty plea refused to file a direct appeal, despite Eller's request that he do so. The Superior Court denied the motion on August 24, 1998. Eller immediately filed a motion to appeal *nunc pro tunc* in the trial court, which the court denied

2. Judge Brosky has since assumed senior status.

on the same day. Eller filed a motion for reconsideration, which the trial court denied. On appeal, the Superior Court treated the motion as a timely notice of appeal from the decision of the trial court to deny the request of Eller for permission to appeal *nunc pro tunc.*

On September 1, 1999, the Superior Court affirmed the denial of *nunc pro tunc* relief, reasoning that Eller had failed to comply with the timeliness requirements of the PCRA and that, based on the decision of this Court in *Lantzy,* decided July 7, 1999, the PCRA provided the exclusive remedy for a claimant seeking restoration of appellate rights. After the decision of the Superior Court in *Eller,* however, the Superior Court published two *en banc* decisions, in which it determined that *Lantzy* should not apply retroactively to claimants who filed their requests for *nunc pro tunc* appellate rights before we filed *Lantzy. See Commonwealth v. Hitchcock,* 749 A.2d 935 (Pa.Super.2000) *(en banc),* and *Commonwealth v. Garcia,* 749 A.2d 928 (Pa.Super.2000) *(en banc).*

We granted allocatur in *Eller* to address the retroactivity of *Lantzy* in light of the diametrically opposite decisions in *Eller* and *Hitchcock/Garcia.* In a majority opinion authored by Mr. Justice Castille, this Court determined that application of the *Lantzy* decision to Eller's situation was not unlawfully retroactive because "*Lantzy* did not overrule, modify, or limit any previous case from this Court on the question" and the decision "was premised, at least in part, upon this Court's previous plain meaning construction of the exclusivity language" contained in the PCRA. *Eller,* 807 A.2d at 844. Therefore, we affirmed the Order of the Superior Court denying Eller the right to appeal *nunc pro tunc.*

Despite their apparent similarity, *Eller* and the present case are not the same. The Judgment of Sentence imposed on Eller became final on July 11, 1997; Eller did not file his motion to appeal *nunc pro tunc* until August 6, 1998, outside of the one-year time limitation for PCRA petitions. Hernandez, however, filed his NPT Petition less than nine months after his Judgment of Sentence became final. In *Eller,* we

expressly distinguished the *Hernandez* situation, stating the following:

> The circumstance that aggrieves [Eller] arises not from his alleged reliance upon Superior Court decisions leading him to employ an incorrect form or title for his collateral action—*i.e.*, seeking *nunc pro tunc* relief via a non-PCRA filing rather than via a PCRA petition—but from his **tardiness** in initiating any collateral attack at all. [Eller] did not seek collateral relief in the form of an appeal *nunc pro tunc* until more than one year after his judgment of sentence became final. At that point, any petition he filed under the PCRA would have been time-barred, unless he could prove an exception to the time-bar. Thus, [Eller]'s present request for "equitable" relief seeks an unintended benefit that was, at best, collateral to the Superior Court's pre-*Lantzy* holding that this type of claim was not cognizable under the PCRA: the benefit of not being subject to the PCRA's period of limitations. Even if the PCRA authorized this Court to recognize equitable exceptions to its period of limitations, we would not be inclined to fashion one under such circumstances. [Eller] could have preserved his claim simply by invoking the lower court's jurisdiction within one year of final judgment. His failure to do so results in the unreviewability of his claim under the PCRA's time-bar.

*Eller*, 807 A.2d at 846 (emphasis in original; footnote omitted). Thus, we determined that Eller's failure to file a collateral attack, whether or not termed a "PCRA Petition," within one year of his Judgment of Sentence becoming final, barred him from seeking reinstatement of his appellate rights *nunc pro tunc*.

Unlike Eller, Hernandez did not file his collateral attack as a NPT Petition to avoid the jurisdictional time bar of the PCRA; Hernandez filed his NPT Petition well in advance of the expiration of the year following the finality of his Judgment of Sentence. Additionally, at the time Hernandez filed his NPT Petition, we had not yet decided *Lantzy*. Therefore, Hernandez reasonably relied upon the decisions of the Superior Court in *Petroski; Commonwealth v. Hall*, 713 A.2d 650

(Pa.Super.1998), *reversed*, 565 Pa. 92, 771 A.2d 1232 (2001), and *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998), *reversed*, 558 Pa. 214, 736 A.2d 564 (1999), in which the Superior Court explained that the PCRA is not available for those seeking reinstatement of appellate rights *nunc pro tunc* unless they are asserting actual innocence, a standard not required for a direct appeal. The Commonwealth correctly notes that Hernandez did not refer to any of these decisions in his NPT Petition. However, Hernandez had no reason to reference those decisions, as the Superior Court had been consistent in its rulings.

The Commonwealth also draws our attention to the fact that the trial court, in its September 4, 1998 Order, granted Hernandez leave to file a PCRA Petition. However, we still had not decided *Lantzy* at that point, so Hernandez, who was challenging his sentence, would not have been entitled to PCRA relief because he was not asserting actual innocence. Thus, we cannot fault Hernandez for appealing the denial of his NPT Petition to the Superior Court instead of filing a PCRA Petition. As the Superior Court points out, Hernandez was "caught in a jurisdictional trap of our making." *Hernandez*, 755 A.2d at 10. Where a defendant adheres to a procedure specifically authorized by the highest court of the Commonwealth to rule on the issue, we will not fault the defendant for following that procedure, even if it is later determined to be incorrect. *See Commonwealth v. Tyson*, 535 Pa. 391, 635 A.2d 623, 624–625 (1993) ("we conclude that while the issues presented here were, indeed, previously raised and decided in appellant's direct appeal and, thus, under the PCRA were finally litigated, fairness dictates that we permit collateral relief. Appellant reasonably concluded from the wording of [an Order] that it was this Court's intention to permit her to seek collateral relief. . . .").

Because Hernandez filed his NPT Petition before the one-year period following the finality of his Judgment of Sentence expired and because the prevailing procedural rule at the time was that articulated by the Superior Court in *Petroski; Hall,* and *Lantzy,* the trial court should not have summarily dis-

missed the NPT Petition. The Superior Court found that counsel for Hernandez rendered ineffective assistance, granted the NPT Petition, but ultimately denied the *nunc pro tunc* appeal. However, we cannot consider whether the Superior Court correctly granted the NPT Petition and denied the appeal because Hernandez did not file a Petition for Allowance of Appeal from the Order of the Superior Court.

## CONCLUSION

We affirm the decision of the Superior Court as it relates to the propriety of dismissing the NPT Petition filed by Hernandez. We express no opinion on the correctness of the conclusion of the Superior Court that Hernandez was entitled to appeal *nunc pro tunc* and that Hernandez failed to raise a claim in that appeal that would have entitled him to relief.

Chief Justice CAPPY files a concurring opinion in which Justice CASTILLE joins.

Justice EAKIN did not participate in the consideration or decision of this case.

Chief Justice CAPPY, concurring.

I concur in the result only. In my view, the majority improperly creates an equitable exception to the PCRA, contrary to our decision in *Commonwealth v. Eller*, 569 Pa. 622, 807 A.2d 838 (2002).

The Superior Court below determined that Hernandez should have been allowed to appeal *nunc pro tunc* given his reliance on Superior Court precedent which pre-dated this court's decision in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). The majority approves of that rationale, concluding that "Hernandez reasonably relied upon the decisions of the Superior Court [. . .] in which the Superior Court explained that the PCRA is not available for those seeking reinstatement of appellate rights *nunc pro tunc* unless they are asserting actual innocence, a standard not required for a direct appeal." Majority Opinion at 482–83 (citations omitted).

Yet in *Eller*, we expressly repudiated such a rationale. The appellant in *Eller* similarly argued that he should not be "penalized" for his reliance on the Superior Court's pre-*Lantzy* case law. The Superior Court in *en banc* decisions agreed, finding that it would be "unjust" to apply *Lantzy* to post-conviction petitioners who had improperly filed *nunc pro tunc* petitions, since they may then be time-barred from invoking the PCRA by operation of its one-year time limitation. We disavowed this reasoning, stating that "[t]his perceived injustice cannot warrant the judicial creation of an extra-PCRA remedy for claims exclusively reserved by the statute." *Eller*, 807 A.2d at 845. That is because "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Id.*[1]

The majority's creation of an equitable exception in this case is all the more extraordinary since the court in *Eller* envisioned the very circumstances present here, and set forth the proper resolution: "given the courts' liberal construction of *pro se* pleadings, including pleadings under the PCRA [ . . . ], *a non-PCRA petition filed within one year of the judgment becoming final could and should be treated as one sounding under the PCRA, and appropriate amendment permitted.*" 807 A.2d at 845 (emphasis added) (citations omitted). As Hernandez filed his petition to appeal *nunc pro tunc* within one year of the date on which his judgment of sentence became final, the proper resolution would be to remand this matter so that he could amend his petition. However, as Hernandez did not appeal from the lower court's decision, I concur in the majority's result.

Justice CASTILLE joins this concurring opinion.

1. Our decision in *Eller* affirmed that the plain language of the PCRA must apply "irrespective of whether appellant sought extra-PCRA review before or after the decision in *Lantzy* was announced." *Id.* at 842. Thus, contrary to the majority's statement (Majority Opinion at 482), it is irrelevant that Hernandez filed his petition prior to our decision in *Lantzy*.