J-S38039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACOB SIMMONS, | : | |
| | : | |
| Appellant | : | No. 1838 EDA 2013 |

Appeal from the Judgment of Sentence Entered October 12, 2012,
In the Court of Common Pleas of Montgomery County,
Criminal Division, at No. CP-46-CR-0002400-2011.

BEFORE: FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 04, 2014**

Appellant, Jacob Simmons, appeals from the judgment of sentence entered following the revocation of his probation. Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The procedural history of this case is summarized as follows. On October 11, 2011, Appellant entered an open guilty plea to the crime of receiving stolen property. On February 9, 2012, the trial court sentenced Appellant to a term of incarceration of time-served to twenty-three months

in the Montgomery County Correctional Facility, to be followed by a term of probation of three years. Appellant was released on parole on February 13, 2012, but on May 29, 2012, he was arrested in Chester County and charged with robbery, retail theft, and simple assault.

The trial court summarized the subsequent protracted procedural posture of this case as follows:

> On October 12, 2012, at a hearing pursuant to *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), and Pa.R.Crim.P. 708, Jacob Simmons, represented by Assistant Public Defender Gregory Nester, entered an open stipulation to having violated the terms of his probation/parole supervision. (Gagnon II Hr'g Tr. 5-10, Oct. 12, 2012.) The Court revoked probation and sentenced Simmons to eleven months to three years in a state correctional facility, with commitment to date from June 15, 2012, and also remanded him to serve back time of twelve months, two days, concurrently, on his violation of parole, to date from June 15, 2012, making him eligible for reparole after having served eleven months of the back time. (Gagnon II Hr'g Tr. 23, Oct. 12, 2012; Probation/Parole Intermediate Punishment Violations 2.) On October 22, 2012, Attorney Nester filed a timely motion to reconsider sentence under Pa.R.Crim.P. 708(E).
>
> On March 13, 2013, the Clerk of Courts entered an order purporting to deny the post-sentence motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(b), advising Simmons, in accordance with Pa.R.Crim.P. 720(B)(4), of a right, among others, to appeal within thirty days. However, since the Court had imposed the judgment of sentence for probation/parole violations rather than upon original conviction, the post-sentence procedures of Pa.R.Crim.P. 720, in particular the tolling of the time for appeal under Pa.R.Crim.P. 720(B)(3), did not apply, and the thirty-day period specified in the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 903(a), for appealing the final judgment of sentence had expired in November 2012, and was not extended by the motion to reconsider the sentence imposed upon revocation of probation/parole. Pa.R.Crim.P. 708(E) ("A

motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.").

In any event, on April 3, 2013, Attorney Nester filed a notice of appeal. On April 12, 2013, this Court under Pa.R.A.P. 1925(b) ordered that a statement of matters complained of on appeal be filed and served. On April 30, Nester responded with a statement under Pa.R.A.P. 1925(c)(4) and the Pennsylvania Superior Court's decision in *Commonwealth v. Goodwin*, 928 A.2d 287 (Pa. Super. Ct. 2007) (en banc), certifying that a conscientious review of the record revealed no non-frivolous issues upon which to base a direct appeal from the judgment of sentence, and that accordingly, he, on appeal, would be proceeding in accordance with *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), which, taken together, sanction procedures for counsel to withdraw from a direct appeal deemed "frivolous" or "without arguable merit," or, in other words, lacking "any basis in law or fact," *Santiago*, 602 Pa. at 169, 978 A.2d at 355-56 (quoting *McCoy v. Wisconsin*, 486 U.S. 429, 438 n.10 (1988)).

On May 14, 2013, the Superior Court ordered Simmons to show cause why the appeal should not be quashed as untimely filed on April 3, 2013, from the judgment of sentence imposed on October 12, 2012, citing Pa.R.Crim.P. 720 and *Commonwealth v. Coleman*, 721 A.2d 798 (Pa. Super. Ct. 1998) (quashing an appeal not filed within thirty days from sentence imposed upon revocation of parole/probation without prejudice to petitioning the trial court for allowance of appeal nunc pro tunc under *Commonwealth v. Hall*, 713 A.2d 650 (Pa. Super. Ct. 1998), *rev'd in part, vacated in part*, 565 Pa. 92, 771 A.2d 1232 (2001)). *Commonwealth v. Simmons*, No. 991 EDA 2013 (Pa. Super. Ct. May 14, 2013) (order to show cause why the appeal should not be quashed). In response, Attorney Nester discontinued the first appeal and sought permission from this lower Court to appeal the judgment of sentence nunc pro tunc. Upon being advised the Commonwealth did not oppose the

request, this Court granted leave to appeal nunc pro tunc, and Attorney Nester filed [the instant appeal].

Trial Court Opinion, 12/4/13, at 1-3.

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issues for our review:

[1]  DID THE VOP COURT LACK JURISDICTION TO REVOKE PROBATION FOR CONDUCT THAT OCCURRED PRIOR TO THE COMMENCEMENT OF THE TERM OF PROBATION?

[2]  DID THE VOP COURT ABUSE ITS DISCRETION WHEN IT IMPOSED A SENTENCE, FOLLOWING THE REVOCATION OF APPELLANT'S PROBATION, THAT WAS UNDULY HARSH AND EXCESSIVE?

Appellant's Brief at 4.

In his first issue, Appellant claims that the trial court erred in revoking his probation. Basically, Appellant asserts that the trial court lacked

authority to revoke his probationary term because Appellant never violated the terms of his probation, as the violations occurred while Appellant was still on parole and prior to the commencement of his term of probation. We disagree with Appellant's claim.

This Court has long stated that a revocation court has the authority to revoke a defendant's probation despite the fact that, at the time of revocation of probation, the defendant had not yet begun to serve the probationary portion of the sentence. *Commonwealth v. Ware*, 737 A.2d 251, 253 (Pa. Super. 1999). This is so even though the offense upon which revocation of probation was based occurred during the parole period and not the probationary period. *Id*. *See also Commonwealth v. Dickens*, 475 A.2d 141, 144 (Pa. Super. 1984) (ruling that the fact the defendant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing the defendant on probation because if the new offense is committed at any time before the maximum period of probation has been completed, probation may be revoked). As our Court observed in *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980):

> If, at any time before the defendant has completed the maximum period of probation, or *before he has begun service of his probation*, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the

-6-

> defendant, the court could revoke or change the order of probation.

*Id*. at 456 (emphasis in original) (quoting *James v. United States*, 140 F.2d 392, 394 (5th Cir. 1944) (Waller, J., concurring)). Essentially, the Court in *Wendowski* held that, for revocation purposes, the term of probation included the time beginning when probation was granted.

Our review of the record in this matter reflects that Appellant pled guilty to the crime of receiving stolen property and was originally sentenced on February 9, 2012, to a term of incarceration of time-served to twenty-three months in the Montgomery County Correctional Facility, to be followed by a term of probation of three years. On February 13, 2012, Appellant was placed on parole. On May 29, 2012, while Appellant was on parole and prior to the beginning of his probation, Appellant was arrested in Chester County and charged with robbery, retail theft, and simple assault. Appellant appeared before the trial court on October 12, 2012, and stipulated to being in violation of the terms and conditions of his parole. At the conclusion of the revocation hearing, the trial court revoked Appellant's parole and directed that he serve his remaining backtime. N.T., 10/12/12, p.23. The trial court also revoked Appellant's prior term of probation and ordered him to serve a term of incarceration of eleven months to three years in a state correctional institution, to run concurrently with his county parole backtime. Thus, the record reflects that in May of 2012, the time during which

Appellant committed offenses of such a nature as to demonstrate to the court that he was unworthy of probation, was a "time before the maximum period of probation had been completed." **Dickens**, 475 A.2d at 144. Accordingly, the trial court was within its authority to revoke Appellant's term of probation. Hence, Appellant's contrary claim lacks merit.

Secondly, Appellant argues that the trial court abused its discretion in imposing the sentence following the revocation of his probation. Specifically, Appellant contends that the sentence imposed was harsh and excessive.

As this Court recently clarified in **Cartrette**, our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the court, which, absent an abuse of that discretion, will not be disturbed on appeal. **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000).

We are also mindful that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Martin***, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered to be a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Sierra**, 752 A.2d at 912-913.

Herein, the first three requirements of the four-part test are met, those being that Appellant brought an appropriate appeal, albeit *nunc pro tunc*, raised the challenge in his post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we will next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In a Rule 2119(f) statement, an appellant must set forth the reasons why the discretionary challenge raises a substantial question. **Commonwealth v. Harvard**, 64 A.3d 690, 701 (Pa. Super. 2013), *appeal denied*, 77 A.3d 636 (Pa. 2013). "In order to raise a substantial question, an appellant's Pa.R.A.P. 2119(f) statement must argue the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013) (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial

question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

In Appellant's Rule 2119(f) statement, he argues that the trial court abused its discretion by imposing a sentence following the revocation of probation that was unduly harsh and excessive. *Anders* Brief at 11-12. Appellant provides this Court with nothing more than bald allegations that the trial court abused its discretion in imposing Appellant's sentence.

We do not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citing *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)); *see also Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007) (claiming a sentence is excessive or unreasonable does not raise a substantial question). Accordingly, we are constrained to conclude that Appellant has failed to present a substantial question for our review. Thus, we decline to address this issue.

We also have independently reviewed the record in order to determine if counsel's assessment about the frivolity of the present appeal is correct. *Anders*, *Santiago,* and *Cartrette*. We agree with the assessment of Appellant's counsel, grant him permission to withdraw, and affirm.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014