J-A05023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ANDERSON DWAYNE GREGG :
:
Appellant : No. 581 WDA 2023

Appeal from the Judgment of Sentence Entered September 14, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002392-2019

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED: APRIL 28, 2025**

Appellant, Anderson Dwayne Gregg, purports to appeal *nunc pro tunc* from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial conviction for possession of a firearm by a prohibited person.[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this matter are as follows. On September 9, 2020, a jury convicted Appellant of the above-mentioned offense. The trial court sentenced Appellant on September 14, 2020, to a term of 5 to 10 years' incarceration. On September 16, 2020, Appellant filed a timely post-sentence motion, and subsequently filed for leave to amend his post-sentence motion, which the trial court granted. Appellant filed a timely

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

amended post-sentence motion, which the trial court denied on December 2, 2020.

Appellant timely appealed. Prior to reaching a decision, this Court remanded the matter and retained panel jurisdiction due to the absence of a trial transcript in the certified record. Once the complete record was returned to this Court, this Court affirmed Appellant's judgment of sentence on the merits on May 26, 2022, finding that the evidence was sufficient to support Appellant's conviction. *See Commonwealth v. Gregg*, No. 12 WDA 2021, unpublished memorandum at 1-4 (Pa.Super. filed May 26, 2022).

On August 24, 2022, Appellant timely filed a first *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[2] The court appointed counsel, who filed an amended petition. In the amended PCRA petition, counsel erroneously represented that Appellant's direct appeal had been dismissed due to the absence of a trial transcript, asserted that appellate counsel had been ineffective for failing to request transcripts, and sought reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

On January 12, 2023, the PCRA court granted the petition and reinstated Appellant's direct appeal rights *nunc pro tunc*. Nevertheless, the docket does not indicate that either counsel or Appellant was served with the reinstatement order. Furthermore, the order did not include a timeframe in which Appellant needed to file his *nunc pro tunc* appeal.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

On February 23, 2023, counsel filed a motion to withdraw. On March 2, 2023, Appellant filed a *pro se* motion requesting the appointment of new counsel. The trial court did not act upon Appellant's motion but, on March 3, 2023, granted counsel's motion to withdraw.

On May 18, 2023, Appellant filed a *pro se* notice of appeal from his judgment of sentence. On May 31, 2023, Appellant filed a motion for appointment of counsel in this Court. On June 20, 2023, Appellant filed a motion for appointment of counsel in the trial court. On October 23, 2023, this Court remanded the matter to the trial court to determine Appellant's eligibility for court-appointed counsel. Meanwhile, on January 11, 2024, Appellant filed a *pro se* concise statement of errors complained of on appeal.

On February 7, 2024, the trial court appointed counsel to represent Appellant on appeal. On March 1, 2024, this Court issued a rule to show cause why the appeal should not be quashed as untimely. On March 21, 2024, ten days past the deadline to respond, Appellant requested an extension of time to respond to the rule to show cause. On April 1, 2024, Appellant responded to the rule to show cause. On May 13, 2024, this Court discharged the rule to show cause and left the issue of timeliness to be decided by the merits panel.

As a preliminary matter, we reiterate that the court failed to provide Appellant notice of his appellate rights or the mandatory timeframe in which to file his notice of appeal after reinstating Appellant's direct appeal rights *nunc pro tunc*. This constituted a breakdown in the operations of the Court,

- 3 -

such that we will decline to quash Appellant's appeal as untimely. ***See***

***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa.Super. 2007)

(explaining that while time limitations for taking appeals are strictly construed,

this Court has concluded that breakdown occurs in instances where trial court

fails to advise or misadvises defendants of their appeal rights when required

to do so).

As a second preliminary matter, we observe:

> It is well settled that when direct appeal counsel … fails to preserve **any** issues for appellate review, the PCRA court may reinstate the petitioner's direct appeal rights *nunc pro tunc.* ***Commonwealth v. Johnson***, 889 A.2d 620, 623 (Pa.Super. 2005) (citing ***Commonwealth v. Hernandez***, 755 A.2d 1, 8-9 n. 4 (Pa.Super. 2000) (finding that a PCRA petitioner is entitled to a direct appeal *nunc pro tunc* where prior counsel caused his sole direct appellate claim to be waived), *affirmed in part,* 572 Pa. 477, 817 A.2d 479 (2003)). However, in the case *sub judice,* Appellant has had appellate review of some, albeit not all, of his issues. There is no right to the reinstatement of appellate rights *nunc pro tunc* in this instance. ***Commonwealth v. Halley***, 582 Pa. 164, 173, 870 A.2d 795, 801 (2005) (citing ***Hernandez***, 755 A.2d at 9 n. 4 ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, **as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal.**") (emphasis added)).
>
> Accordingly, because Appellant did have a direct appeal addressing some of his issues, he was not entitled to the reinstatement of his direct appeal rights *nunc pro tunc.* Appellant's PCRA petition could not be considered as a petition for a *nunc pro tunc* appeal, and he was required to avail himself of the PCRA process. ***Hernandez***, 755 A.2d at 9 n. 4. Thus, the trial court was required to conduct a PCRA analysis as to the merits of the issues raised in his

petition. Where some but not all of the petitioner's issues have been addressed, "the PCRA petitioner's right to a direct appeal was not entirely denied by counsel's ineffectiveness, and, therefore, he must establish that counsel's ineffectiveness so undermined the truth-determining process so as to render unreliable the adjudication of guilt or innocence." ***Id.***

Therefore, Appellant's judgment of sentence, which was previously affirmed by this Court, remains undisturbed. However, we are constrained to vacate the order allowing Appellant to file an amended Pa.R.A.P.1925(b) statement *nunc pro tunc*, which in effect reinstated his direct appeal rights. We remand this matter to the trial court to conduct its analysis of Appellant's petition pursuant to the strictures of the PCRA.

***Commonwealth v. Pulanco***, 954 A.2d 639, 642-43 (Pa.Super. 2008) (emphasis in original).

Instantly, we reiterate that in Appellant's amended PCRA petition, PCRA counsel represented that Appellant's direct appeal had been dismissed based on an incomplete record due to the lack of transcripts. Our review of the record makes clear, however, that although this Court initially remanded for the production of transcripts, this Court subsequently reviewed Appellant's direct appeal on the merits and addressed Appellant's challenge to the sufficiency of the evidence. ***See Gregg, supra***. Because Appellant already had the benefit of a direct appeal addressing his sufficiency challenge, Appellant is not entitled to the proverbial "second bite at the apple" in an attempt to now litigate a suppression issue that he did not raise on direct

appeal.[3] ***See Pulanco, supra***. Therefore, we are constrained to vacate the order reinstating Appellant's direct appeal rights *nunc pro tunc* and remand for further proceedings. ***See id.*** Based upon PCRA counsel's misrepresentation to the court,[4] we direct the court upon remand to permit Appellant to file a supplemental PCRA petition. Thereafter, the court can conduct its analysis of Appellant's petition pursuant to the strictures of the PCRA. Accordingly, we vacate and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/28/2025

---

[3] We note that in his *pro se* PCRA petition, Appellant attempted to argue a suppression-related issue. In the amended petition, however, counsel abandoned this claim and asserted that appellate counsel was ineffective in failing to preserve Appellant's direct appeal rights due to the missing transcript.

[4] We presume counsel's misrepresentation was due to a careless reading of the certified record and was not intentional. We further note that the Commonwealth did not seek to correct counsel's misrepresentation and did not file a brief in this Court on appeal.