J-S54038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                          :             PENNSYLVANIA

           v.                     :

                                          :

JEFFREY DONALD PETERSON        :

                                          :

          Appellant              :            No. 141 WDA 2016

Appeal from the PCRA Order March 4, 2014
in the Court of Common Pleas of Crawford County,
Criminal Division, No(s):  CP-20-MD-0000925-1992

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                          :             PENNSYLVANIA

          Appellant              :

                                          :

           v.                     :

                                          :

JEFFREY DONALD PETERSON        :            No. 181 WDA 2016

Appeal from the PCRA Order January 6, 2016
in the Court of Common Pleas of Crawford County,
Criminal Division, No(s):  CP-20-MD-0000925-1992

BEFORE:  BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 29, 2016**

Jeffrey Donald Peterson ("Peterson") appeals, *nunc pro tunc*, from the

March 4, 2014 Order denying his first Petition for relief pursuant to the Post

Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  The

Commonwealth of Pennsylvania has filed a cross-appeal from the January 6,

2016 Order, granting Peterson leave to appeal, *nunc pro tunc*, the denial of

his first PCRA Petition based on ineffectiveness of counsel.  We reverse the

January 6, 2016 Order and dismiss Peterson's appeal of the March 4, 2014

Order as moot.

This Court previously set forth the relevant underlying facts as follows:

[Peterson] was charged on October 16, 1992, with two counts of criminal homicide-first-degree murder and one count of burglary in connection with the September 28, 1992 shooting of two victims. [Peterson] was found at the scene with a self-inflicted gunshot wound to the head. The Commonwealth subsequently provided [N]otice it would seek the death penalty. On September 16, 1993, [Peterson] entered a plea of guilty to two counts of first-degree murder in exchange for the Commonwealth entering a *nolle prosse* on the burglary charge and withdrawing its intention to seek the death penalty. On November 3, 1993, the trial court sentenced [Peterson] to two consecutive terms of life imprisonment. [Peterson] did not file any post-sentence motion or a direct appeal.

On January 17, 1997, [Peterson] filed a counseled PCRA [P]etition. … On July 16, 1997[, the PCRA court] entered a Memorandum and Order which was docketed of record on July 17, 1997. The Order stated that the Court Administrator was directed to schedule an evidentiary hearing[,] and the record indicates that a copy was provided to the Court Administrator. For some unknown reason[,] that evidentiary hearing was never scheduled and that failure was not brought to the attention of the [PCRA court] by [Peterson's] counsel or anyone else until [Peterson] sent a letter to the Clerk of Courts[,] dated September 24, 2012[,] and docketed on October 2, 2012. …

In his PCRA [P]etition and at the PCRA hearing, [Peterson], citing his head injury, challenged his competency in 1993 to enter a voluntary, intelligent, and knowing guilty plea and challenged the effectiveness of his plea counsel for permitting the plea to be entered when he was incompetent. On March 4, 2014, the PCRA court issued a [M]emorandum and [O]rder denying relief on [Peterson's] PCRA [P]etition, based on its merits.

*Commonwealth v. Peterson*, 118 A.3d 459 (Pa. Super. 2015)

(unpublished memorandum at 1-3) (citations and paragraph break omitted).

This Court affirmed the PCRA court's March 4, 2014 Order, albeit on different grounds. This Court concluded that Peterson's first PCRA Petition was untimely filed by one day, and that Peterson failed to invoke any of three timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1). **See Peterson**, 118 A.3d 459 (unpublished memorandum at 7-8).

On March 31, 2015, Peterson filed a second PCRA Petition, invoking the newly-discovered fact timeliness exception at section 9545(b)(1)(ii) based on his first PCRA counsel's ineffectiveness for failing to file a timely PCRA Petition. After holding a hearing on Peterson's Petition, the PCRA court entered an Order granting Peterson leave to appeal the March 4, 2014 Order, *nunc pro tunc*. Thereafter, Peterson filed an appeal, *nunc pro tunc*, from the March 4, 2014 Order. The Commonwealth filed a timely cross-appeal from the January 6, 2016 Order.[1]

On appeal, Peterson raises the following questions for our review:

1. Did the lower court err by finding that … Peterson's [] plea was knowingly, intelligently and voluntarily entered into where the lower court misle[d] Peterson during the plea colloquy by advising him that, although he was pleading to a life sentence, he had a right to go before the Board of Pardons and have the life sentence modified to include a lesser, minimum sentence and an eligibility for parole?

2. Where Peterson suffered the violent destruction and removal of a substantial portion of the frontal lobes of his brain and other bullet[-] impact brain damage, did the lower court err by failing to credit the uncontroverted evidence and testimony from the only medical expert presented in the case[,] neuropsychiatrist Lawson Bernstein, M.D., that [Peterson]

---

[1] On March 21, 2016, this Court consolidated the appeals, *sua sponte*.

suffered a brain injury and damage that rendered him incompetent to make reasoned decisions, participate in his defense, and enter a knowing, voluntary and intelligent plea of guilty to two counts of first[-]degree murder?

Brief for Appellant at 5.

On cross-appeal, the Commonwealth raises the following question for our review: "On the Commonwealth's cross[-]appeal, should the lower court have dismissed [Peterson's] second PCRA [P]etition as being filed untimely instead of granting [Peterson] the right to appeal the denial of his first PCRA [P]etition *nunc pro tunc*?"  Brief for the Commonwealth at 7.

"[O]ur standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lewis**, 63 A.3d 1274, 1278 (Pa. Super. 2013) (citation omitted).  Further, "this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Medina**, 92 A.3d 1210, 1215 (Pa. Super. 2014) (citation omitted).

We will first address the Commonwealth's claim on cross-appeal.  The Commonwealth contends that the PCRA court should have dismissed Peterson's second PCRA Petition as being untimely filed.  Brief for the Commonwealth at 8.  The Commonwealth argues that the PCRA court erred in finding that Peterson's first PCRA counsel was ineffective for filing an untimely Petition, and that counsel's ineffectiveness was a newly-discovered

fact under the timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). *Id*. at 8-9. The Commonwealth asserts that while an ineffectiveness claim where counsel abandons the petitioner may constitute a newly-discovered fact, Peterson's first PCRA counsel never abandoned him and represented Peterson throughout the proceedings. *Id*. at 8. The Commonwealth thus claims that first PCRA counsel's ineffectiveness did not invoke a timeliness exception and that the PCRA court should have dismissed Peterson's second PCRA Petition. *Id*. at 9-10.

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Generally, claims of ineffective assistance of counsel do not satisfy the exception to the PCRA time-bar. *See Commonwealth v. Gamboa-Taylor*,

753 A.2d 780, 785 (Pa. 2000) (stating that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."); *see also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). However, the Supreme Court of Pennsylvania has determined that a PCRA petitioner's discovery that PCRA counsel has abandoned him during his appeal from the order denying his **timely** first PCRA petition permitted him to circumvent the PCRA time bar under § 9545(b)(1)(ii). *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007); *see also id*. (stating that section 9545(b)(1)(ii) is a limited extension of the one-year time requirement under circumstances where a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control). The Supreme Court distinguished appellant's claim of counsel's abandonment from those claims of ineffectiveness that "narrowed the ambit of appellate review," and could not fall within the purview of section 9545(b)(1)(ii). *Id*. (citation omitted)

In granting Peterson's second PCRA Petition, the PCRA court stated the following:

> As the Superior Court noted in [*Commonwealth*] *v. Blackwell*, 936 A.2d 497, 500 (Pa. Super. 2007):
>
> The Supreme Court of Pennsylvania has recently noted that it has "allowed PCRA petitioners some leeway in the preservation of claims in their petitions when [the Court] determined that the circumstances demanded it." [*Bennett*, 930 A.2d at 1268] (citing and quoting [*Commonwealth*] *v. McGill*, 574 Pa. 574, 832 A.2d 1014

(2003), and [*Commonwealth*] *v. Hernandez*, 572 Pa. 477, 817 A.2d 479 (2003)[)].

When[,] clearly[, Peterson's] prior counsel missed the filing deadline by one day and therefore[,] counsel was ineffective and [Peterson] could not have known that the deadline was missed by the exercise of due diligence until the January 30, 2015 Superior Court Memorandum [O]pinion, we believe it would be grossly unfair to conclude that [Peterson] should not be permitted to have the issues that were raised before th[e PCRA court] as a result of the first PCRA petition heard on the merits on appeal by the Superior Court.

PCRA Court Opinion, 1/6/16, at 2.

Here, unlike in *Bennett*, Peterson's first PCRA counsel did not abandon Peterson on appeal. Indeed, Peterson's first PCRA counsel filed a detailed, albeit untimely, PCRA Petition and an appellate brief on behalf of Peterson following the denial of PCRA relief on his first PCRA petition. Therefore, contrary to the PCRA court's finding, Peterson's claim regarding first PCRA counsel's defective representation did not constitute "abandonment" and fails to satisfy the "unknown facts" exception to the PCRA's timeliness requirements.[2] *See Gamboa-Taylor*, 753 A.2d at 785 (stating that "review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling [a]ppellant to the benefit of the exception for [newly]-discovered evidence."); *Commonwealth v. Pursell*, 749 A.2d 911, 916 (Pa. 2000) (noting that "the allegation of ineffectiveness of counsel for failure to put

---

[2] We note the Supreme Court of Pennsylvania has not addressed this specific issue. Nevertheless, Peterson's first PCRA counsel's action did not constitute abandonment under *Bennett*.

forward available claims does not excuse compliance with the timeliness requirements of the PCRA.").[3]  While the PCRA timeliness requirements sometimes require harsh outcomes, the PCRA confers no authority "to fashion *ad hoc* equitable exceptions to the PCRA time-bar." **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011).  Thus, the PCRA court erred in finding that Peterson properly invoked the newly-discovered evidence exception and granting Peterson the right to file a *nunc pro tunc* appeal of his first PCRA Petition.  **See Bennett**, 930 A.2d at 1267 (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).[4]

---

[3] It is well-settled that courts may permit a party to file a *nunc pro tunc* appeal where there was fraud or a breakdown in the court's operations has occurred, or where non-negligent actions by the appellant, his counsel, or a third party caused a delay in the filing of an appeal.  **See Commonwealth v. Stock**, 679 A.2d 760, 763-64 (Pa. 1996); **see also Commonwealth v. Capaldi**, 112 A.3d 1242, 1245 (Pa. Super. 2015).  Here, Peterson does not argue, nor did his first PCRA counsel testify to any extraordinary circumstances that might excuse the late filing.

[4] While the PCRA court cites to **Hernandez** and **Blackwell** in granting Peterson's Petition, we note neither of those cases invoke the exception set forth at section 9545(b)(1)(ii).  **See Hernandez**, 817 A.2d at 483-84 (allowing petitioner to file a petition for leave to file direct appeal *nunc pro tunc* instead of a petition under the PCRA where petitioner adhered to the law at the time and pointing out that regardless of the title of the petition, appellant filed his request within one year of his judgment of sentence becoming final); **Blackwell**, 936 A.2d at 502 (stating that "the PCRA court's erroneous notification to [a]ppellant that PCRA counsel had withdrawn amounted to governmental interference" that excused his untimely filing of third PCRA petition alleging ineffective assistance by PCRA counsel). Regardless, the holdings in these cases do not entitle Peterson to relief.

Based upon the foregoing, we reverse the PCRA court's January 6, 2016 Order granting Peterson's second PCRA Petition, and remand for further proceedings in accordance with this Memorandum. Further, based upon this conclusion, we cannot address the merits of Peterson's first PCRA Petition.

January 6, 2016 Order reversed. *Nunc pro tunc* appeal from March 4, 2014 Order dismissed as moot. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016